**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**CIVIL NO. 3:04CV261-1-T**
**(3:97CR22 -T)**

| | |
|---|---|
| **WILLIE JEROME MACKINS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, filed May 21, 2004;[1] Petitioner's motion for inclusion in the record, filed September 27, 2004; Petitioner's motion to amend, filed September 29, 2005; Petitioner's motion to supplement motion to amend, filed January 17, 2006; and Respondent's motion for summary judgment, filed October 12, 2007.

_____

[1] Petitioner's motions for leave to "invoke" discovery and for expansion of the record were not separately filed by the Clerk but attached to his § 2255 petition.  These motions are reviewed and disposed of herein.

# I. PROCEDURAL HISTORY

On July 6, 1998, Petitioner and four other individuals were charged in an eight-count superceding indictment. **Superceding Bill of Indictment, filed July 6, 1998.** Count One charged Petitioner with conspiracy to defraud federally insured financial institutions and uttering counterfeit and fraudulent instruments in violation of 18 U.S.C. § 371. Count Two charged Petitioner with bank fraud and aiding and abetting the same in violation of 18 U.S.C. §§ 1344 and 2. Count Three charged Petitioner with uttering and possession of counterfeit securities and aiding and abetting the same in violation of 18 U.S.C. §§ 513(a) and 2. Count Four charged Petitioner with conspiracy to possess with intent to distribute cocaine, cocaine base, heroin and marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). Count Five charged Petitioner with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Count Six charged Petitioner with filing a false affidavit in support of a request for court-appointed counsel in violation of 18 U.S.C. § 287. Counts Seven and Eight set forth forfeiture allegations.

On July 31, 1998, Petitioner moved to dismiss the indictment. **Defendant's Motion to Dismiss, filed July 31, 1998.** The motion was

denied by Order filed August 26, 1998, and Petitioner's jury trial began on September 14, 1998.  On September 25,1998, the jury found Petitioner guilty as to each of the offenses with which he was charged.  **Jury Verdict, filed September 25, 1998.**  On October 8, 1999, this Court sentenced Petitioner to life imprisonment on the drug conspiracy charge; 60 months imprisonment on the bank fraud and false affidavit charges; 120 months imprisonment on the uttering and possessing counterfeit securities charge; and 240 months on the money laundering conspiracy charges.  **Judgment in a Criminal Case, filed November 16, 1999.**

Petitioner appealed his conviction and sentence to the Fourth Circuit. **Notice of Appeal, filed October 14, 1999.**  On January 17, 2003, the Fourth Circuit affirmed Petitioner's convictions but vacated his sentence finding that a harmless error standard of review applied to Petitioner's Sixth Amendment claim and that the maximum sentence Petitioner could have received based upon the statutory maximum terms of imprisonment applicable to each of his offenses was 90 years or 1080 months.  ***United States v.  Mackins*, 315 F.3d 399, 407, 408-410 (4th Cir. 2003).** Consequently, the Fourth Circuit vacated Petitioner's life sentence and remanded his case for the imposition of a sentence of 90 years.  ***Id.* at 410.**

On March 13, 2003, this Court, in accordance with the Fourth Circuit's mandate, entered an Amended Judgment sentencing Petitioner to 90 years imprisonment.  **Amended Judgment in a Criminal Case, filed March 13, 2003.**  Petitioner did not appeal from the Amended Judgment. However, on April 2, 2003, Petitioner filed a petition for a writ of *certiorari* with the United States Supreme Court challenging the denial of his other original appellate claims; his petition was denied May 19, 2003. ***Mackins v. United States*, 538 U.S. 1045 (2003).**

On March 30, 2004, Petitioner filed a motion seeking an extension of time in which to file a § 2255 motion.  **Motion to Extend Time, filed March 30, 2004.**  On April 2, 2004, this Court denied Petitioner's motion stating no authority existed in the Fourth Circuit which would allow a district court to grant an extension of time for filing a § 2255 motion.  **Order, filed April 2, 2004.**  On May 21, 2004, Petitioner's § 2255 motion was filed by the Clerk; Petitioner signed his motion on May 16, 2004.

The Government argues the Petitioner's motion is untimely and should be dismissed.  **Government's Answer to Petitioner's Motion to Vacate, filed October 12, 2007, at 13.**  However, the Government has failed to factor Petitioner's filing of a *certiorari* petition into its timeliness

analysis. The Supreme Court denied Petitioner's petition for a writ of *certiorari* on May 19, 2003. ***Mackins*, 538 U.S. 1045.** Petitioner's motion to vacate was filed May 16, 2004.[2] After taking this filing into consideration, the Court concludes that, except for Petitioner's claim regarding being resentenced in absentia, Petitioner's motion to vacate is indeed timely filed.

Petitioner alleges, (1) counsel was ineffective for failing to "effectively present non-frivolous double jeopardy claim;" (2) counsel was ineffective for failing to note a timely objection to the exclusion of African-Americans from the venire panel and counsel refused to ascertain whether there was a systematic exclusion of African-Americans from the jury pool; (3) counsel was ineffective for failing to prepare Petitioner to testify; (4) counsel was ineffective for failing to interview potential defense witnesses; (5) counsel was ineffective for failing to advise Petitioner of the option of a conditional plea or the existence of plea negotiations; and (6) his resentencing violated

---

[2] The Supreme Court has held that a *pro se* prisoner's notice of appeal is deemed filed as of the date on which the prisoner delivers the notice of appeal to prison authorities for forwarding to the district court. ***Houston v. Lack*, 487 U.S. 266, 276 (1988).** Applying the reasoning in *Houston* to the instant case, Petitioner's motion to vacate would be deemed filed on May 16, 2004, the date he delivered it to prison officials for forwarding to the district court.

the Federal Rules of Criminal Procedure because he was resentenced in absentia.

On September 27, 2004, Petitioner filed a "Motion for Inclusion in Record," asking the Court to permit him to add a claim based upon the Supreme Court case of *Blakely v. Washington*, 542 U.S. 296 (2004), to his previously filed motion to vacate. Additionally, in this motion, Petitioner asserted a new claim that his counsel was ineffective for failing to interview Government witnesses prior to trial to ascertain whether or not there was any truth to the statements made by potential defense witnesses Alfred Logan, Ramond Morgan, and Scott Ritchie.

A year later on September 29, 2005, Petitioner filed a second motion to amend his original § 2255 to "introduce facts which give rise to a direct violation of Rule 16 of the Federal Rules of Criminal Procedure." **Motion to Amend, filed September 29, 2005.** On January 17, 2006, Petitioner filed a third motion to amend. Citing *Blakely*, Petitioner seeks to add a claim that the Court failed to give instructions to the jury that it must make specific findings regarding drug quantity, type, and money amounts. Petitioner also seeks to add a claim that his right to confront witnesses

testifying against him were violated when the written statements of those witnesses were entered into evidence.

On October 12, 2007, the Government responded to the Petitioner's § 2255 motion and filed for summary judgment. On December 20, 2007, Petitioner filed a response to the Government's motion.

## II. ANALYSIS

### A. Ineffective Assistance of Counsel

Petitioner contends he received ineffective assistance of counsel.[3] In order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby; that is, there is a reasonable probability that but for the error, the outcome would have been different. ***Strickland v. Washington*, 466 U.S. 668, 687-91 (1984)**. In making this determination,

---

[3] The Court notes that despite Petitioner's numerous allegations of trial counsel's ineffectiveness, the same attorney has been appointed by the Fourth Circuit to represent Petitioner in his appeal from this Court's Order denying his motion for reduction of sentence. **Motion to Reduce Sentence, filed February 18, 2009; Order, filed April 14, 2009.** Petitioner has filed no objection to counsel's appointment.

there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  ***Id.* at 689**; ***Fields v. Attorney General of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1995)**. Petitioner bears the burden of proving *Strickland* prejudice.  ***Fields*, 956 F.2d at 1297.**  If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong."  ***Id.* at 1290.**

Petitioner alleges that his counsel was ineffective for failing to "effectively present a non-frivolous double jeopardy claim to the district court before trial."  Specifically, Petitioner alleges that although trial counsel presented a double jeopardy claim, he failed to provide any excerpts from a 1993 trial transcript or any other evidence that would have amplified the claim.  Petitioner alleges that his counsel was unaware of the controlling case law on this topic.  **Motion to Vacate, at 7-9.**

Petitioner fails to demonstrate how particular excerpts from a 1993 trial transcript would have resulted in a successful double jeopardy challenge.  Indeed, Petitioner fails to provide any specific double jeopardy analysis based upon the facts of his case.  In a motion to vacate, a petitioner bears the burden of establishing his claim by a preponderance of the evidence.  ***Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)**.

Petitioner's generalized assertions[4] do not come close to carrying his burden and this claim fails.

Petitioner also alleges that his counsel was ineffective for failing to note a timely objection to the exclusion of African-Americans from the venire panel and for refusing to ascertain whether there was a systematic exclusion of African-Americans. **Motion to Vacate, at 9-12.**

A defendant has the right to trial by a jury selected from a fair cross-section of the community. ***See Duren v. Missouri*, 439 U.S. 357, 363-64 (1979).** In order to state a *prima facie* violation of the fair cross-section requirement, a defendant must show, among other things, that the under representation is due to systematic exclusion of the group in the jury selection process. ***Id.* at 364.** Petitioner provides no evidence nor identifies any example of affirmative discrimination of any sort. Consequently, at a minimum, he cannot establish that he was prejudiced by his counsel's alleged ineffectiveness for failing to raise an objection that would have been unsuccessful.

_____

[4] In contrast, the Government provides a detailed analysis setting forth why the two conspiracies were different and why no double jeopardy violation occurred. **Government's Answer to Petitioner's Motion, *supra*, at 19-22.**

Petitioner also alleges that trial counsel was ineffective for failing to prepare Petitioner to testify. Petitioner states that he was "in a position to refute and undermine testimony provided by government witnesses regarding hes [sic] role in the 'conspiracy theory' adduced at trial by the government." Petitioner contends that his counsel failed to ask pertinent questions in order to bring forth facts that would have "sharply undercut" the testimony of the Government witnesses and tested their credibility. Petitioner alleges that "[v]arious government witnesses provided false testimony in order to tie movant up in the government's 'fanciful' 'conspiracy theory' presented in trial" and that his counsel's failure to prepare him to testify allowed such testimony to go unchallenged. **Motion to Vacate, at 13-14.**

Again, Petitioner fails to state what specific testimony he would have challenged, nor does he provide the information he would have used to contradict the unidentified damaging testimony. Consequently, Petitioner has again failed to carry his burden of proof and to establish that he was, at a minimum, prejudiced; this claim is likewise dismissed.

Petitioner also claims his counsel was ineffective for failing to interview potential defense witnesses. Petitioner alleges that sometime

prior to trial, his counsel was made aware of numerous witnesses whose testimony would have impeached the testimony of Government witnesses. Petitioner states that Alfred Logan, Ramond Morgan, and Scott Ritchie, all inmates at the McDowell County Jail, were each prepared to testify on his behalf regarding their direct knowledge of Government witnesses, also detained in the McDowell County Jail, who were planning to provide false testimony at Petitioner's trial.  Petitioner states his witnesses observed the Government witnesses coach each other as to how to testify and heard them discuss the benefits they would receive for testifying.  **Motion to Vacate, at 15-17.**  In support of this claim, Petitioner attaches the statements of the three potential witnesses.  ***See* Exhibit A, Statement of Ramond Morgan, signed November 28, 1998; Exhibit B, Statement of Alfred Logan, signed November 28, 1998; Exhibit C, Statement of Scott Ritchie, signed November 28, 1998, *attached to* Motion to Vacate.**

Interestingly, all three unsworn, handwritten statements[5] by the alleged potential defense witnesses are word for word identical.  Moreover, they are vague.  None of the three witnesses identifies in any way the alleged Government official who came to the jail "almost every night during trial," nor do any of the unsworn statements explain exactly how the unidentified Government representatives coached the jail inmates who testified.  Equally significant is the fact that these documents do not establish that counsel for Petitioner was aware of these individuals' alleged knowledge about this matter before Petitioner's trial.  The statements are dated November 28, 1998 – two months after Petitioner's jury trial ended on September 25, 1998.[6]  In his own affidavit, Petitioner alleges that he

---

[5] "It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment."  ***Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1992) (citations omitted).  "**To be admissible at the summary judgment stage, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).'"  *Id.* (citations omitted).**

[6] Defense counsel states in his affidavit that Petitioner sent these statements to him after the trial and he forwarded them to the prosecutor who "summarily dismissed" their allegations.  **Exhibit 3, Affidavit of Aaron E. Michel, *attached to* Government's Answer to Petitioner's Motion,  ¶ 20; *see also*, Letter dated May 14, 1999, from Michel to Gretchen Shappert, Assistant U.S. Attorney, and Letter dated May 17, 1999, from Shappert to Michel, *attached to* Petitioner's Response to Government's Motion for Summary Judgment, filed December 20,**

"provided trial counsel . . . with letters from individuals detailing how government witnesses in [his] case revealed to them that the prosecutor forced them to give false testimony and used vouchers to grant special fenancial [sic] benefits in return for testimony." **Affidavit of Willie Jerome Mackins, *attached to* Motion to Vacate, ¶ 13.** Apparently, the "letters" referred to by the Petitioner in his affidavit are different from the unsworn statements attached to his motion and copies of the letters were not provided to the Court. Even more significantly, Petitioner does not state precisely when he sent these letters to his trial counsel. Indeed, the wording of the affidavit supports a conclusion that this information was revealed after these individuals had testified. As a result, Petitioner has failed to carry his burden[7] on this claim and it will be dismissed.

_____

**2007.**

[7] Petitioner provides a copy of a letter from Gary Cannon, a Government witness who testified at his trial, in opposition to summary judgment. **Letter, dated March 5, 2007, *attached to* Petitioner's Response,** *supra.* Cannon asserts that he provided false testimony while testifying at Petitioner's trial. ***Id.* at 1 ("I'm very very sorry for testifying against you in a false and harmful way.").** Petitioner does not provide any analysis with regard to this letter. First, as stated previously, "unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." **Orsi, 999 F.2d at 92.** Second, to the extent the letter is intended to assert a new claim, it is untimely. Lastly, to the extent it is intended to bolster Petitioner's ineffective assistance claim regarding the

Petitioner also alleges that his counsel was ineffective because he "never openly discussed the benefits or disadvantages of a plea agreement."  Petitioner contends that he "was under the impression that it was mandatory to move forward with a trial in order to effectively preserve the right to challenge the courts [sic] jurisdiction."  **Motion to Vacate, at 17.**  With regard to Petitioner's allegation that counsel failed to advise him that he could enter a conditional plea of guilty, there is simply no evidence to support a conclusion that such a plea offer was ever made.  Indeed, this Court notes that such pleas are not common in this District.  Because Petitioner cannot establish that a conditional plea was ever offered or would have been offered, he has failed to carry his burden and his claim of ineffective assistance of counsel on this basis is dismissed.

Petitioner also asserts that his counsel failed to convey to him a plea agreement offered by the Government.  *Id.*  In his affidavit,[8] Petitioner asserts generally that his counsel "never informed [him] of the plea

_____

alleged failure of his counsel to interview potential witnesses, such letter does not support that claim.  There is no indication any where in the record that counsel was aware that Cannon was allegedly providing false testimony.  Finally, the Court notes that Cannon's letter fails to state with any specificity what portion of his testimony was false.

[8] It does not escape this Court's attention that Petitioner was convicted in this very case of providing a false affidavit to this Court.

negotiations he entered into with the prosecutor." **Mackins Affidavit, ¶ 2.**

Petitioner does not provide any more specifics in his affidavit. Petitioner

does assert in his unsworn motion that the plea offer contained a maximum

possible term of imprisonment of 25 years.[9] **Motion to Vacate, at 17**.

Petitioner's counsel states in his affidavit that the "prosecutor invited Mr.

Mackins to plead guilty to the top range of ten to life and [he] relayed this to

Mr. Mackins." **Michel Affidavit,** *supra*, **¶ 6.**

Significantly, nowhere in his affidavit, motion, or response does

Petitioner state that if he had been informed of this alleged plea offer he

would have pled guilty and not gone to trial.[10] Consequently, at a

---

[9] Interestingly, Petitioner does not set forth any details as to how or when he learned of this alleged plea offer with its 25 year maximum term of imprisonment. Nor does he assert under oath that this precise term was offered.

[10] Petitioner asserts that "it was always [his] position that the court never had jurisdiction over him." **Motion to Vacate, at 17.** Even more telling, Petitioner asserts that counsel's ineffectiveness eviscerated Petitioner's "own effort to prove his innocence" and that a reasonable probability existed that "but for the unprofessional errors or [his] trial counsel, the jury would have had a reasonable doubt respecting his guilt." *Id*. **at 21.** Such statements would not comport with pleading guilty. Moreover, Petitioner's trial counsel avers that Petitioner "always maintained that he [was] innocent of these charges." **Michel Affidavit, ¶¶ 2, 6.** Given that Petitioner had been previously acquitted after a jury trial on money laundering and drug conspiracy charges, it seems likely that he would opt to proceed to trial.

minimum, Petitioner has not alleged or established that he was prejudiced and his claim fails.

### B. Court's Failure to Allow Allocution at Resentencing

Petitioner also alleges that the Court erred in resentencing him in absentia. Petitioner contends that his resentencing was the equivalent of a first sentencing because his first sentence was unconstitutional. Petitioner asserts that resentencing him in absentia thwarted his "inherent right to allocute pursuant to Federal Rule of Criminal Procedure Rule 32(i)(4)(A)." **Motion to Vacate, at 19.**

Unlike the other claims asserted in Petitioner's initial § 2255 motion, this claim is untimely. Petitioner did not file a direct appeal from the Amended Judgment. Therefore, the Antiterrorism and Effective Death Penalty Act's (AEDPA) limitation period began to run on or about March 27, 2003, with the expiration of the 10-day appeal period. Because Petitioner's § 2255 was not filed until May 16, 2004, this claim is untimely and is dismissed on that basis.

In addition, because Petitioner did not directly appeal from the resentencing, he is procedurally barred from raising this claim. ***See***

***Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to do service for an appeal).**

Moreover, with regard to the sentence imposed for Petitioner's drug conspiracy conviction, the Fourth Circuit vacated the previously imposed life sentence and remanded the case with instructions to impose a specific sentence of 90 years.  ***Mackins*, 315 F.3d at 410 ("we vacate Willie Mackins' life sentence and *remand for imposition of a sentence of ninety years (1080 months).*" (emphasis added)).**  Petitioner's claim fails because he cannot establish that he was prejudiced by being resentenced in absentia.  Per the Fourth Circuit's mandate, this Court was required to impose a sentence of 90 years' imprisonment.  ***Id.***  The mandate did not allow this Court any discretion.  There was no possibility that Petitioner would have received a lower sentence.  **See *United States v. Lewis*, 10 F.3d 1086, 1092 (4th Cir. 1993).**

**C.    Motions to Amend**

Since filing his initial § 2255 motion, Petitioner has filed several motions seeking to add claims to his petition.  Rule 15 of the Federal Rules

of Civil Procedure governs the procedure for amending § 2255 motions. Absent bad faith, undue prejudice to the opposing party, or futility of amendment, leave to amend under Rule 15(a) shall be freely given. *See Forman v. Davis*, **371 U.S. 178, 182 (1962).** A cause of action barred by an applicable statute of limitations is futile and, therefore, an amendment based on such a cause of action can be denied. *See Keller v. Prince George's County*, **923 F.2d 30, 33 (4th Cir. 1991).**

On October 8, 1998, this Court sentenced Petitioner; he filed a timely notice of appeal to the Fourth Circuit, and the appellate court affirmed his conviction in all respects. Thereafter, Petitioner filed a *certiorari* petition with the Supreme Court; his petition was denied on May 19, 2003. *Mackins*, **538 U.S. 1045.** Consequently, his limitation period under the AEDPA expired on or about May 20, 2004. **See 28 U.S.C. § 2255.** Because Petitioner filed his current motions to amend after May 20, 2004, when his one year limitation period had expired, it would appear they are untimely.

However, when proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading in certain circumstances. Relation

back is permitted when the "claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." **Fed. R. Civ. P. 15(c)(2).** The Court will address each of Petitioner's motions to amend below.

**1. September 27, 2004, Motion**

Petitioner's Motion for Inclusion on the Record seeks leave of the Court to raise a claim pursuant to *Blakely v. Washington*, 542 U.S. 172 (2004).

Petitioner's conviction became final when the Supreme Court's denied his petition for *certiorari* on May 19, 2004; *Blakely* was decided by the Supreme Court on June 24, 2004. Consequently, the holding in *Blakely* does not apply to Petitioner's case if it is a new rule of law and it is determined to be a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *See United States v. Morris*, **429 F.3d 65, 69 (4th Cir. 2005) (discussing when a case decided after a criminal case has become final on direct review may be applied retroactively).**

Every circuit court, including the Fourth Circuit, addressing the issue of whether the holding in *Blakely* is retroactive on collateral review has determined that it is not. ***Id.* at 70, 72 (*Booker* and *Blakley* are not watershed rules and do not apply retroactively on collateral review); *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005) (*Blakely* is not a watershed rule and is not retroactively applicable on collateral review); *United States v. Price*, 400 F.3d 844, 848-49 (10th Cir. 2005) (*Blakely* is not a watershed rule and does not apply retroactively on collateral review); *Lloyd v. United States*, 407 F.3d 608, 614 (3d Cir. 2005) (same); *Guzman v. United States*, 4040 F.3d 139, 143-44 (2d Cir. 2005) (same); *Valera v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (same); *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005) (same); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (same).** Therefore, Petitioner's motion to amend to include a claim based on *Blakely v. Washington* is denied as futile.

## 2. September 29, 2005, Motion to Amend

In his second motion to amend, Petitioner seeks to add a claim based on an alleged violation of Federal Rule of Criminal Procedure 16, that is, the

Government failed to inform Petitioner of the gratuities received by Government witnesses in exchange for their testimony against Petitioner.

The Government concedes that this claim relates back to Petitioner's original claim that his counsel was ineffective for failing to raise the fact that the prosecution's witnesses were coached by the Government and, therefore, it is not untimely.

Regardless of whether or not the claim is timely, it is procedurally barred. Claims that could have been raised on appeal but were not are procedurally defaulted. *Bousley*, **523 U.S. at 621-22.** Petitioner did not raise this issue on appeal and, therefore, he is barred from raising this claim on collateral review.[11]

This claim is also futile as Petitioner has brought forward only conclusory allegations. He alleges his counsel was ineffective for failing to interview Government witnesses prior to trial to ascertain if there was any truth to statements made by certain potential defense witnesses. He fails to identify which Government witnesses should have been interviewed or why interviewing them prior to trial would yield a different result than cross-

_____

[11] Petitioner does not assert that his counsel was ineffective for failing to raise this claim on appeal. Nor does Petitioner assert that he is actually innocent.

examination at trial.  Petitioner's second request to amend his § 2255 motion is denied as futile and procedurally barred.

### 3.  January 17, 2006, Motion to Supplement Motion to Amend

On January 17, 2006, Petitioner filed a Motion to Amend seeking to add a Confrontation Clause claim and to provide further argument on the *Blakely* claim.  Because the Court has denied Petitioner's *Blakely* argument as futile, to provide further argument thereon is likewise futile.

Additionally, Petitioner seeks to amend his original motion to include a claim that his right to confront and examine witnesses testifying against him was violated when written statements of Government witnesses who did not testify were entered into evidence.  Petitioner's claim does not relate back to his original § 2255 motion; therefore, Petitioner's attempt to add this claim is untimely and his third motion to amend is denied as futile.

### D.    Miscellaneous Motions

_____Petitioner has also filed a motion for expansion of the record and a motion for leave to invoke discovery.  After reviewing Petitioner's

generalized reasons for such requests, the Court finds they are without merit and are denied.

## III. ORDER

**IT IS, THEREFORE, ORDERED** Respondent's motion for summary judgment is **GRANTED**, and Petitioner's motion to vacate, set aside, or correct sentence is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motions to amend filed September 27, 2004, September 29, 2005, and January 17, 2006, are **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motions to expand the record and for discovery are **DENIED.**

A Judgment dismissing this action is filed herewith.

Signed: June 1, 2009

Lacy H. Thornburg
United States District Judge