IN THE UNITED STATES DISTRICT COURT
FOR IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 3:04CV261-1-V
(3:97CR22 -T)


| | | |
|---|---|---|
| WILLIE JEROME MACKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |


   **THIS MATTER** comes before the Court upon Petitioner's "Motion Pursuant to Rule 60(b)(1) and (6) Challenging the Integrity of the 2255 Proceeding"(Doc. No. 24), filed November 11, 2009.

   On June 2, 2009, this Court dismissed Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.  On October 14, 2009, the United States Court of Appeals for the Fourth Circuit affirmed this Court's decision.  Petitioner has now filed a document asking the Court to reconsider[1] the dismissal of his Motion to Vacate.  The Fourth Circuit has ruled on Petitioner's case and consequently this Court is without authority to rule on Petitioner's present motion.  Moreover, if this Court had authority to rule on Petitioner's motion, the motion would be denied for the reasons already set forth in the June 2, 2009, Order dismissing Petitioner's Motion to

_____

   [1] Petitioner's Motion alleges a defect in the collateral review process and so the claim is properly raised in a Motion to Reconsider.  See United States v. Winestock, 340 F. 3d 200, 207 (4th Cir. 2003)(noting difference between alleged defects in collateral review process and substantive claims and the different treatment of each in motions to reconsider).

Vacate.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's "Motion Pursuant to Rule 60(b)(1) and (6) Challenging the Integrity of the 2255 Proceeding"(Doc. No. 24) is **DENIED**.

Signed: December 2, 2009

Richard L. Voorhees
United States District Judge